# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 2, 2001 Session

## CAROLYN MARIE LEASURE WHITE, ET AL. v. TIMOTHY WADE MOODY

### Appeal from the Chancery Court for Robertson County
No. 14201     Carol Catalano, Judge

---

### No. M2000-01778-COA-R3-CV - Filed May 18, 2001

---

This is a suit wherein the Plaintiffs seek a termination of the Defendant father's parental rights and an adoption by the mother's present husband. The Trial Court terminated the father's rights and granted the adoption. We vacate and remand for a determination of the best interest of the child as required by T.C.A. 36-1-113(c)(2).

### Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J.(M.S.) and WILLIAM B. CAIN, J., joined.

Charlotte U. Fleming, Springfield, Tennessee, for the Appellant, Timothy Wade Moody

Frank E. Mondelli, Nashville, Tennessee, for the Appellees, Carolyn Marie Leasure White and Robert Wayne White

#### OPINION

This is a suit by Carolyn Marie Leasure White and her husband, Robert Wayne White, seeking a termination of parental rights of Timothy Wade Moody as to his and Mrs. White's daughter, Nicole, d.o.b. 6/30/93. The suit also seeks an order of adoption as to Mr. White.

The Trial Court found that Mr. Moody had abandoned his daughter and thereupon terminated his parental rights and granted the adoption.

Mr. Moody appeals contending that the evidence preponderates against a finding that he had willfully abandoned his daughter and the Trial Court was in error in terminating his parental rights without making a specific finding of fact that such was in the child's best interest.

Although the Trial Court did not make a specific finding that the evidence supporting an abandonment was clear and convincing, our review of the record persuades us that the evidence does meet this test and the Trial Court's action in finding an abandonment is affirmed under Rule 10 of this Court. We reach this conclusion because, as already noted, the evidence is clear and convincing that Mr. Moody made no payments except, perhaps, a minimal token payment of support prior to being ordered to do so by the Trial Court in this case.

As to the second issue, it appears that the Trial Court did not make a finding that the evidence was clear and convincing[1] that termination of parental rights was in the best interest of the child, which is required under T.C.A. 36-1-113(c)(2). Mr. Moody relies on the case of Sorrells v. Sorrells, an unpublished opinion of this Court filed in Knoxville on October 5, 2000, which in the interest of full disclosure was authored by the author of this opinion.

In Sorrells we said the following:

> We do have one other concern relative to the disposition of this case. Although no point was made in Mr. Sorrells' brief, the above-quoted findings of the Trial Court from the Bench at the conclusion of the trial did not include a specific finding that termination of parental rights was in the best interest of the child as required by T.C.A. 36-1-113(c)(2).
>
> Because we conclude the Trial Court could not have validly terminated Mr. Sorrells' parental rights without finding that such action was in the best interest of the child as required by the statute, the determination that parental rights should be terminated must be reversed and the cause dismissed.

We accordingly find the Trial Court was in error in terminating parental rights without a specific finding by clear and convincing evidence that termination of parental rights is in the best interest of the child.

---

[1] While this subsection does not specifically state "clear and convincing," we find that it is somewhat inartfully drawn and must be considered along with the preceding subsection which does use this language:
(c) Termination of parental or guardianship rights must be based upon:
(1) A finding by the court by clear and convincing evidence that the grounds for termination or parental or guardianship rights have been established; and
(2) That termination of the parent's or guardian's rights is in the best interests of the child.

While in <u>Sorrells</u> we did reverse the Trial Court and dismiss the suit, upon further reflection we have concluded that it is more appropriate that this case be remanded to the Trial Court for a best interest determination.

For the foregoing reasons the judgment of the Trial Court is vacated in part and the cause remanded for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged one-half against Mr. and Mrs. White and one-half against Mr. Moody.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE